# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS,<br><br>Plaintiff,<br><br>v.<br><br>PALLARES, et al.,<br><br>Defendants. | Case No. 1:13-cv-01869-LJO-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY** *HECK V. HUMPHRY*, **512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

Plaintiff, Robert A. Von Villas, is a state prisoner who is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 18, 2013. (Doc. 1.) In the Complaint, Plaintiff alleges that as a result of his filing various administrative grievances (602s) regarding the handling of his and his cellmate's mail, Plaintiff was charged with a false RVR; that his witnesses and evidence were not interviewed and/or considered; and that, as a result, he was placed in Administrative Segregation for 280 days, transferred to a higher level prison, and that he lost 360 days good time credits, Medium "A" custody, 1989 priority effective work date, his twenty year clean prion record, and developed an anxiety disorder. (*Id.* at pp. 3-17.) Plaintiff seeks declaratory judgment, monetary damages, cost of suit, and injunctive relief by way of expunging the disciplinary conviction from his prison record, restoration of his Medium "A" custody level, return of his ICC and UCC Placement Points to their proper level, restoration of 360 good time and work time credits, and restoration of his effective work date to May 18, 1989. (*Id.* at p. 28.)

It appears that, if successful in this action, the restoration of Plaintiff's good time and work time credits may lead to his earlier release. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck,* at 488.

The Complaint does not contain any allegations to show that the RVR, which Plaintiff alleges is false and retaliatory, has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **30 days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **May 30, 2014**                        **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE