# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS,<br><br>         Plaintiff,<br><br>    v.<br><br>PALLARES, et al.,<br><br>         Defendants. | Case No.  1:13-cv-01869-LJO-JLT (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**(Docs. 1, 7, 8)** |

Plaintiff, Robert A. Von Villas, is a state prisoner who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2013.  (Doc. 1.)  In the Complaint, Plaintiff alleges that as a result of his filing various administrative grievances (602s) regarding the handling of his and his cellmate's mail, Plaintiff was charged with a false RVR; that his witnesses and evidence were not interviewed and/or considered; and that, as a result, he was placed in Administrative Segregation for 280 days, transferred to a higher level prison, and that he lost 360 days good time credits, Medium "A" custody, 1989 priority effective work date, his twenty year clean prion record, and developed an anxiety disorder.  (*Id.* at pp. 3-17.)  Plaintiff seeks declaratory judgment, monetary damages, cost of suit, and injunctive relief by way of expunging the disciplinary conviction from his prison record, restoration of his Medium "A" custody level, return of his ICC and UCC Placement Points to their proper level, restoration of 360 good time and work time credits, and restoration of his effective work date to May 18, 1989.  (*Id.* at p. 28.)

Upon initial, cursory review, it appeared that, if successful in this action, the restoration of Plaintiff's good time and work time credits might lead to Plaintiff's earlier release which would make this action barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Consequently, an order issued for Plaintiff to show cause ("the OSC") why this action should not be dismissed as barred by *Heck*. (Doc. 7.) Plaintiff filed a timely response ("OSC Response"). (Doc. 8.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

In his OSC Response, Plaintiff argues that, since he is serving a sentence of life without the possibility of parole this action is not barred by *Heck* as any decision in this matter will not affect his sentence. (Doc. 8, 2:1-4, 3:5-4:14, 5:11-14.) Further, Plaintiff indicates that, if granted permission, he will abandon his request for reinstatement of good time credits in his prayer for relief. (*Id.* at 5:4-14, citing *Peralta v. Vasquez*, 467 F.3d 98, 104-06 (2nd Cir. 2006).)

Prior to the filing of Plaintiff's OSC Response, this Court was unaware of the terms of Plaintiff's sentence.[1] This Court has found no case law to suggest that a plaintiff seeking to have good time credits reinstated, where that plaintiff is serving a sentence of life in prison without the possibility of parole, is subject to the *Heck* bar for necessarily challenging the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242 (2005); *Edwards v.*

---

[1] At the screening stage, Plaintiff's representations as to the terms of his sentence are accepted as true. However, if the case proceeds, defendants will not be restrained by this order from presenting evidence contradicting Plaintiff's representations as to his sentence and/or to address the application of *Heck v. Humphrey* to this action.

*Balisok*, 520 U.S. 641, 117 S.Ct. 1584, (1997). Thus, it appears at this time that Plaintiff's action is not barred by *Heck v. Humphrey* and Plaintiff need not be given leave to abandon his request for good time credits.[2]

Accordingly, it is HEREBY ORDERED that the Order to Show Cause Why This Action Should not be Dismissed as Barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), issued May 30, 2014 (Doc. 8), is DISCHARGED.

IT IS SO ORDERED.

Dated: **July 10, 2014**               /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] This order does not preclude a defense challenge to the application of *Heck v. Humphrey* at a later stage in the proceeding. Further, the Complaint will placed back in line for screening required by 28 U.S.C. § 1915A(a) and, if leave to amend is granted, Plaintiff must omit any request for reinstatement of lost good time credits or the case will not be found to be cognizable.