1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT A. VON VILLAS,                    | **Case No.  1:13-cv-01869-LJO-JLT (PC)**

12              Plaintiff,                     | **FINDINGS AND RECOMMENDATION TO ALLOW PLAINTIFF TO PROCEED ON COGNIZABLE RETALIATION CLAIM AGAINST DEFENDANT HEBERLING AND TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS**

13        v.

14   PALLARES, et al.,

15              Defendants.                    | **(Doc. 16)**

16                                             | **30-DAY DEADLINE**

17

18   **I.    Findings**

19        **A.    Procedural History**

20        Plaintiff, Robert A. Von Villas, is a state prisoner who is proceeding pro se in this civil

21   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2013.

22   (Doc. 1.)  It was screened and dismissed with leave to amend.  (Doc. 11.)  Plaintiff filed the First

23   Amended Complaint which is before the Court for screening.  (Doc. 16.)

24        **B.    Screening Requirement**

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28   frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

1

1  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

2  § 1915(e)(2)(B)(i)-(iii).

3           **C.      Summary of the First Amended Complaint**

4           Plaintiff complains of acts that occurred while he was an inmate at the California

5  Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.  Plaintiff

6  names Lieutenants M. Pallares and T. Akin, and Sergeant S. Heberling as the Defendants in this

7  action.  Plaintiff seeks monetary, declaratory, and injunctive relief.

8           Plaintiff alleges that as a result of his filing administrative grievances ("602") regarding

9  the handling of his and his cellmate's mail, his cell was ransacked and he was charged with false

10  RVRs as to which he was not allowed to present exculpatory evidence resulting in him being

11  found guilty.  Plaintiff asserts the following claims:  (1) against Defendant Heberling for

12  improper handling of his 602; (2) for retaliation in violation of the First Amendment against

13  Defendant Heberling; (3) for due process violations in retaliation in violation of the First

14  Amendment against Defendant Akin; (4) for retaliation in violation of the First Amendment

15  against Defendant Palares; and (5) for violation of his due process rights against Defendant

16  Palares.

17           For the reasons discussed below, Plaintiff states a cognizable retaliation claim against

18  Defendant Heberling on which he should be allowed to proceed.  However, Plaintiff fails to state

19  any other cognizable claims such that all other claims and Defendants should be dismissed.

20  **II.  Analysis**

21           **A.  Plaintiff's Claims**

22               **1.  First Amendment -- Retaliation**

23           Plaintiff attempts to state retaliation claims against Defendants Heberling (Doc. 16, Claim

24  2, pp. 4-7), Akin (*id.*, Claim 3, pp. 7-11), and Palares (*id.*, Claim 4, pp. 11-13).

25           Prisoners have a First Amendment right to file grievances against prison officials and to

26  be free from retaliation for doing so.  *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir.

27  2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).  A retaliation claim has five

28  elements.  *Id.* at 1114.

1       First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The

2  filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th

3  Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d

4  527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989);

5  *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Second, the plaintiff must show the

6  defendant took adverse action against the plaintiff. *Rhodes*, at 567.  Third, the plaintiff must

7  allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668

8  F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a

9  person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568

10  (internal quotation marks and emphasis omitted).  Fifth, the plaintiff must allege "that the prison

11  authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ."

12  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

13       It bears repeating that while Plaintiff need only allege facts sufficient to support a

14  plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at

15  678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart*

16  *Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

17  The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a

18  protected activity, and the conduct must *not* have reasonably advanced a legitimate penological

19  goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted).  Thus, mere allegations that Plaintiff

20  engaged in protected activity, without knowledge resulting in animus by a Defendant, is

21  insufficient to show that Plaintiff's protected activity was the motivating factor behind a

22  Defendant's actions.

23       Plaintiff alleges that, based on his submitting 602s regarding the handling of his and his

24  cellmate's mail and a staff complaint which Plaintiff submitted against Sgt. Heberling, Sgt.

25  Heberling retaliated.  Plaintiff alleges Heberling filed a false RVR against him, attempted to get

26  him to agree to transfer to another yard based on a kite she purportedly received (a note indicating

27  that Plaintiff was in danger), had Plaintiff's cell searched repeatedly and left in shambles, and

28  claimed to have received a note indicating that Plaintiff was going to have Heberling stabbed

3

1  which resulted in Plaintiff being placed in Ad-Seg.  This states a cognizable retaliation claim

2  against Defendant Heberling.

3      Plaintiff alleges that Defendant Akin was aware that Plaintiff had filed a 602 and a

4  complaint with I.A. against Defendant Heberling and, as a result, Defendant Akin conducted the

5  disciplinary hearing resulting from the anonymous note that indicated Plaintiff was going to have

6  Defendant Heberling stabbed.  Plaintiff claims Defendant Akin conducted the hearing in a

7  manner that denied him the ability to defend himself with witnesses and/or evidence and found

8  Plaintiff guilty of possession of a weapon without sufficient evidence.  Defendant Akin's ruling

9  resulted in Plaintiff spending 280 days in Ad Seg and caused Plaintiff to develop an anxiety

10 disorder.  While these events could chill a person of ordinary firmness from taking protected

11 action, Plaintiff's mere conclusory allegation that Defendant Akin was aware of Plaintiff's

12 complaints about Heberling within any showing that Akin's actions were motivated by this

13 knowledge. Mere knowledge of Plaintiff's complaints does not suffice to show Defendant Akin

14 acted with retaliatory animus.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell*

15 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[t]hreadbare recitals of the elements of a

16 cause of action, supported by mere conclusory statements, do not suffice"); *see also Moss v. U.S.*

17 *S(ecret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557 (factual

18 allegations are accepted as true, but legal conclusions are not).  Thus, Plaintiff does not state a

19 cognizable retaliation claim against Defendant Akin.

20      Plaintiff alleges that he was given a new hearing and was granted a typed copy of the kite

21 against him and that Defendant Palares conducted the new hearing. Plaintiff alleges that

22 Defendant Palares, like Defendant Akin, conducted the hearing in a manner that denied Plaintiff

23 the ability to defend himself, failed to note any of Plaintiff's exculpatory evidence, and found

24 Plaintiff guilty of possession of a weapon without a single report indicating Plaintiff possessed a

25 weapon.  However, while Plaintiff alleges that Defendant Palares acted in violation of his due

26 process rights to support Defendant Heberling and retaliate against Plaintiff for filing a grievance

27 against her, Plaintiff fails to state any specific facts to show that Defendant Palares knew Plaintiff

28 had filed a grievance against Defendant Heberling or was acting for purposes of retaliation.  *See*

4

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2    544, 555 (2007) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice"); *see also Moss v. U.S. S(ecret Service*, 572 F.3d 962, 969

4    (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557 (factual allegations are accepted as true, but legal

5    conclusions are not).  Thus, Plaintiff also does not state a cognizable retaliation claim against

6    Defendant Palares.

7                    **2.  Fourteenth Amendment -- Due Process**

8                         **a.  Disciplinary Hearings**

9            Plaintiff asserts due process claims against Defendants Akin (Doc. 16, Claim 3, pp. 8-11)

10   and Palares (*id.*, Claim 5, pp. 13-16).

11           The Due Process Clause protects prisoners from being deprived of liberty without due

12   process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action

13   for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

14   which the protection is sought.  "States may under certain circumstances create liberty interests

15   which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

16   Liberty interests created by state law are generally limited to freedom from restraint which

17   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

18   prison life."  *Id.* 515 U.S. at 484.

19           "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

20   panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418 U.S. at 556.

21   With respect to prison disciplinary proceedings, the minimum procedural requirements that must

22   be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

23   receives written notice and the time of the hearing, so that the prisoner may prepare his defense;

24   (3) a written statement by the fact finders of the evidence they rely on and reasons for taking

25   disciplinary action; (4) the right of the prisoner to call witnesses and present documentary

26   evidence in his defense, when permitting him to do so would not be unduly hazardous to

27   institutional safety or correctional goals; and (5) legal assistance to the prisoner where the

28   prisoner is illiterate or the issues presented are legally complex.  *Id.* at 563-71.  Confrontation and

1    cross examination are not generally required.  *Id.* at 567.  As long as the five minimum *Wolff*

2    requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th

3    Cir. 1994).

4          "When prison officials limit a prisoner's right to defend himself they must have a

5    legitimate penological interest."  *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per

6    curiam) (concluding that prisoners do not have a right to have an independent drug test performed

7    at their own expense).  The right to call witnesses may legitimately be limited by "the penological

8    need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life

9    which may result from violence or intimidation directed at either other inmates or staff."  *Ponte v.*

10   *Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996);

11   *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

12         "[T]he requirements of due process are satisfied if some evidence supports the decision by

13   the prison disciplinary board . . . ."  *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926

14   F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

15   *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824

16   F.2d 703, 705 (9th Cir. 1987); *see especially Burnsworth v. Gunderson*, 179 F.3d 771, 774-74

17   (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence

18   of liberty interest.)  The relevant inquiry is whether "there is *any* evidence in the record that could

19   support the conclusion reached . . . " as "[t]he Federal Constitution does not require evidence that

20   logically precludes any conclusion but the one reached by the disciplinary board."   *Hill* at 455-

21   57 (emphasis added).

22         Once again, Plaintiff alleged that he was arbitrarily denied the witnesses he requested and

23   was not allowed to present evidence of being set-up.  However, as stated in the screening order,

24   this alone is insufficient to support a claim of denial of procedural due process without showing

25   infringement of a protected liberty interest.  The fatal flaw in Plaintiff's pleading is that he once

26   again fails to show that a protected liberty interest was in any way infringed on as a result of the

27   alleged violations of his due process rights in the disciplinary hearing.

28         Plaintiff was previously given all of the above standards.  Thus, Plaintiff fails to state a

1  cognizable claim for violation of his rights to due process against any of the Defendants and it

2  appears that he is unable to do so -- which obviates basis to provide leave for further amendment.

3  **b.  Inmate Appeals -- 602s**

4  Plaintiff attempts to state a claim against Defendant Heberling for willfully failing to

5  process Plaintiff's grievances ("602s") appeals.  (Doc. 16, Claim 1, pp. 3-4.)

6  As stated in the prior screening order, "[a prison] grievance procedure is a procedural right

7  only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F.

8  Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see*

9  *also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

10  appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d

11  641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on

12  prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a

13  protected liberty interest requiring the procedural protections envisioned by the Fourteenth

14  Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316

15  (E.D. Mo. 1986).

16  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability

17  under a § 1983 action.  *Buckley*, 997 F.2d at 495.  The argument that anyone who knows about a

18  violation of the Constitution, and fails to cure it, has violated the Constitution himself is not

19  correct.  "Only persons who cause or participate in the violations are responsible.  Ruling against

20  a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno*

21  *v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th

22  Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987,

23  992-93 (7th Cir.1996).

24  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,

25  Plaintiff fails and is unable to state a cognizable claim against Defendant Heberling for the

26  processing and/or reviewing of his 602 inmate appeals.

27  **III.  CONCLUSION**

28  Plaintiff's First Amended Complaint states a cognizable retaliation claim in violation of

1    the First Amendment against Defendant Heberling.  However, Plaintiff fails to state a cognizable

2    claim against Defendant Heberling for the processing/handling of his inmate grievances and fails

3    to state a cognizable claim against Defendants Akin and Palares for retaliation in violation of the

4    First Amendment and for violation of his rights under the Due Process Clause -- these claims

5    should be dismissed.

6           Accordingly, it is HEREBY RECOMMENDED that Plaintiff be allowed to proceed on

7    his retaliation claim against Defendant Heberling, but that his claim against Defendant Heberling

8    for the processing/handling of his inmate grievances and Defendants Akin and Palares be

9    dismissed with prejudice.

10          These Findings and Recommendations will be submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30**

12   **days** after being served with these Findings and Recommendations, Plaintiff may file written

13   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

14   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, __ F.3d __, __,

16   No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923

17   F.2d 1391, 1394 (9th Cir. 1991)).

18
     IT IS SO ORDERED.
19

20      Dated:   **December 12, 2014**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

8