# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PALLARES, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01869-LJO-JLT (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATION AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Docs. 16, 19, 26)**<br><br>**30-DAY DEADLINE** |

**I. Procedural History**

    Plaintiff, Robert A. Von Villas, is a state prisoner who is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 18, 2013. (Doc. 1.) It was screened and dismissed with leave to amend. (Doc. 11.) Plaintiff filed the First Amended Complaint upon which a Findings and Recommendation issued recommending Plaintiff only be allowed to proceed on a retaliation claim under the First Amendment against Defendant Heberling and that all other claims and defendants be dismissed. (Docs. 16, 19.) Plaintiff requested and received extensions of time to file objections with which he complied. (Doc. 26.) From his objections, it appears that Plaintiff may be able to clarify his pleading so as to make one or more additional claims cognizable. Thus, the Findings and Recommendations that issued on December 15, 2014, is withdrawn and Plaintiff is granted leave to file a second amended complaint. For his assistance, the pleading requirements and standards applicable to his stated

claims are given once again.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. Summary of Plaintiff's Claims

Plaintiff complains of acts that occurred while he was an inmate at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names Lieutenants M. Pallares and T. Akin, and Sergeant S. Heberling as the Defendants in this action. Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that as a result of his filing administrative grievances ("602") regarding the handling of his and his cellmate's mail, his cell was ransacked, he was charged with false RVRs of which he was not allowed to present exculpatory evidence and was ultimately found guilty. Plaintiff asserts the following claims: (1) against Defendant Heberling for improper handling of his 602; (2) for retaliation in violation of the First Amendment against Defendant Heberling; (3) for due process violations in retaliation in violation of the First Amendment against Defendant Akin; (4) for retaliation in violation of the First Amendment against Defendant Palares; and (5) for violation of his due process rights against Defendant Palares.

Plaintiff is given **one final opportunity to amend** his claims and he must do so within **20 pages or less**. Below are the applicable pleading and legal standards for Plaintiff's stated claims.

## II.  Pleading Standards

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

**C. Federal Rule of Civil Procedure 18(a)**

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

Plaintiff is advised that if he chooses to file a second amended complaint and fails to comply with Rule 18(a), all unrelated claims will be stricken.

## III. Legal Standards

### A. First Amendment -- Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a protected activity, and the conduct must *not* have reasonably advanced a legitimate penological goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted). Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge which resulted in animus by a Defendant, is

5

insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

### B. Fourteenth Amendment -- Due Process

#### 1. Disciplinary Hearings

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Confrontation and cross examination are not generally required. *Id.* at 567. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed

at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see especially Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . " as "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill* at 455-57 (emphasis added).

### 2. Inmate Appeals -- 602s

As stated in the prior screening order, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a

violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, cannot state a cognizable claim against any Defendant for the processing and/or reviewing of his 602 inmate appeals.

If Defendants raise the failure to exhaust administrative remedies as an affirmative defense to Plaintiff's claims, Plaintiff may be able to use the improper handling of his 602s to show that he exhausted all administrative remedies that were available to him. Although the Ninth Circuit has not yet decided the issue, *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, *e.g.*, *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); *Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006))); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)

8

(the failure to respond to a grievance within the policy time limits renders remedy unavailable); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

**IV.  Conclusion**

Plaintiff is granted **one final opportunity to amend** his claims and to file a second amended complaint.  If Plaintiff does not desire to file a second amended complaint, he must notify the Court of his decision to proceed solely on the retaliation claim previously found cognizable against Defendant Heberling.  Plaintiff must either file a second amended complaint or notify the Court of his decision to proceed on the First Amended Complaint within 30 days of the service of this order.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

If Plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  A second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the

claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted). Any second amended complaint **may not exceed 20 pages** in length.

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with **one final** opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendation that issued on December 15, 2014 is **WITHDRAWN**;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff must either:
   a. file a second amended complaint, or
   b. notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the cognizable retaliation claim against Defendant Heberling as identified in the Findings and Recommendation that issued on December 15, 2014, which will then be reinstated; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**April 14, 2015**__                              _____**/s/ Jennifer L. Thurston**_
                                                                    UNITED STATES MAGISTRATE JUDGE