# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS, | Case No. 1:13-cv-01869-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO ALLOW PLAINTIFF TO PROCEED ON CLAIMS 2, 3, 4, & 6 and TO DISMISS CLAIMS 1, 5, & 7 WITH PREJUDICE** |
| v. | |
| PALLARES, et al., | (Doc. 33) |
| Defendants. | **30-DAY DEADLINE** |

Before the Court is Plaintiff's second amended complaint seeking to impose liability on various prison officials for acts he contends violate the United States Constitution.

## I.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### A.  Summary of the Second Amended Complaint

Plaintiff complains of acts that occurred while he was an inmate at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff

1

names Lieutenants M. Pallares and T. Akin, and Sergeant S. Heberling as the Defendants in this action. Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that as a result of his filing administrative grievances ("602") regarding the handling of his outgoing mail, his cell was searched, and he was charged with false RVRs against which he was not allowed to present exculpatory evidence and was ultimately found guilty. Plaintiff asserts the following claims: (1) against Defendant Heberling for improper handling of his 602 (Doc. 33, at pp. 3-4) ; (2) for retaliation in violation of the First Amendment against Defendant Heberling (*id.*, at pp. 4-6); (3) for retaliation in violation of the First Amendment against Defendant Akin (*id.*, at pp. 6-9); (4) for retaliation in violation of the First Amendment against Defendant Pallares (*id.*, at pp. 9-11); (5) for violation of his rights to equal protection under the Fourteenth Amendment against Defendants Akin and Pallares (*id.*, at pp. 11-12); (6) for violation of his rights to due process under the Fourteenth Amendment against Defendant Pallares (*id.*, at pp. 12-15); and (7) violation of his rights to due process under the Fourteenth Amendment against Defendant Heberling (*id.*, at pp. 15-16).

For the reasons discussed below, Claims 2, 3, 4, and 6 in the Second Amended Complaint are cognizable and Plaintiff should be allowed to proceed on them. However, Claims 1, 5, and 7 are not cognizable and should be dismissed with prejudice.

**B.  Plaintiff's Claims**

**1.  First Amendment -- Retaliation**

Plaintiff attempts to state retaliation claims against Defendants Heberling (*id.*, Claim 2, at pp. 4-6; and Claim 7, at pp. 15-16), Akin (*id.*, Claim 3, pp. 6-9), and Palares (*id.*, Claim 4, pp. 9-11).

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114. First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v.*

2

1  *Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135
2  (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must
3  show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff
4  must allege a causal connection between the adverse action and the protected conduct. *Waitson*,
5  668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a
6  person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568
7  (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison
8  authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ."
9  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

10  It bears repeating that while Plaintiff need only allege facts sufficient to support a
11  plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at
12  678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart*
13  *Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
14  The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a
15  protected activity, and the conduct must *not* have reasonably advanced a legitimate penological
16  goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted). Thus, mere allegations that Plaintiff
17  engaged in protected activity is insufficient to show that Plaintiff's protected activity was the
18  motivating factor behind a Defendant's actions.

19  In Claim 2, Plaintiff alleges that, on 12/27/10, he filed a 602 and a staff complaint
20  regarding the handling of his and his cellmate's mail. (Doc. 33, pp. 3-4.) Plaintiff alleges that the
21  next day, Heberling asked him who it was for to which Plaintiff responded that it was for
22  whoever was failing to seal the outgoing mail. (*Id.*) The next evening, when returning from
23  dinner, Plaintiff saw Heberling exit his cell carrying some of his personal property, but she
24  refused to stop and talk or to provide a receipt for the items she was confiscating. (*Id.*, at p. 4.)
25  Seven days later, Heberling issued a false RVR to Plaintiff for misuse of state property and theft;
26  (*id.*, at pp. 4-5.) Heberling strongly advised Plaintiff to transfer off her yard (*id.*, at p. 5); two
27  months later Heberling ordered Plaintiff's cell searched for a cell phone that was detected coming
28  from an area Plaintiff did not have access to (*id.*); four days later, an anonymous note was found

alleging that Plaintiff paid his cellmate to stab Heberling which caused Plaintiff to be removed from the yard as Heberling wanted (*id.*); and Heberling stated to the officer who was investigating the charge regarding a cell phone against Plaintiff, that Plaintiff had been loud and disruptive during that search and that Plaintiff said improper things about her which were later proven false (*id.*). These allegations state a cognizable retaliation claim against Sgt. Heberling.

However, in Claim 7, Plaintiff's allegations that Sgt. Heberling denied his due process protections in the processing of his 602 regarding his outgoing mail not being sealed so as to keep him from exhausting administrative remedies (*id.*, at pp. 15-16) does not state a cognizable retaliation claim.

In Claim 3, Plaintiff alleges that when the anonymous note was found which indicated that he wanted his cellmate to stab Heberling, a search of their cell revealed that Plaintiff's cellmate had a knife hidden in a box of Nutty Bars. (*Id.*, at p. 7.) Plaintiff and his cellmate were both charged by Akin with possession of a weapon and placed in Ad Seg. (*Id.*) Despite having a confidential memorandum in his possession that the anonymous note implicating Plaintiff in the plot to have Heberling stabbed was not reliable, Akin wrongly found Plaintiff guilty of possession of a weapon -- a rules violation that Plaintiff did not commit. (*Id.*, at pp. 7-8.) Plaintiff filed a retaliation claim against Heberling with Internal Affairs and sent a copy to Akin prior to Akin adjudicating the charge against Plaintiff. (*Id.*, at p. 7.) As a result, Akin failed to provide Plaintiff with written notice, or to let him present witnesses in his defense, and failed to document Plaintiff's written defense statements which were subsequently "lost." (*Id.*) Despite all of the evidence pointing to Plaintiff's cellmate possessing the weapon, Akin found Plaintiff guilty of possession of a weapon and his cellmate not guilty. (*Id.*) This guilty finding was later dismissed and ordered reheard. (*Id.*) These allegations state a cognizable retaliation claim against Lt. Akin.

In Claim 4, Plaintiff alleges that Pallares conducted the new hearing on the RVR against him for possession of a weapon. (*Id.*, at pp. 9-11.) Plaintiff alleges that approximately five minutes into the new hearing, a captain entered and Plaintiff was asked to leave. (*Id.*, at p. 10.) When Plaintiff returned 5-10 minutes later, Pallares' demeanor had changed and he failed to acknowledge Plaintiff's witnesses and denied all of Plaintiff's efforts to present evidence in his

1 defense. (*Id.*) Pallares failed to provide Plaintiff notification of the use of a confidential
2 memorandum, denied three separate defense documents Plaintiff attempted to introduce without
3 any reason/explanation for doing so, and found Plaintiff guilty of possession of a weapon without
4 any supporting evidence when Plaintiff was innocent. (*Id.*) All of this occurred within seven
5 months of Plaintiff filing the 602 against Heberling and/or her staff regarding a lack of sealing
6 outgoing mail. (*Id.*) Prior to this seven month period, Plaintiff had never received an RVR or
7 "threat" of any kind in 21 years. (*Id.*) This states a cognizable retaliation claim against Lt.
8 Pallares.

     **2.**  **Due Process**

      **a.**  **Disciplinary Hearings**

11   In Claim 6, Plaintiff asserts due process claims against Defendant Pallares (Doc. 33, pp.
12 12-15).

13   The Due Process Clause protects prisoners from being deprived of liberty without due
14 process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action
15 for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
16 which the protection is sought. "States may under certain circumstances create liberty interests
17 which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).
18 Liberty interests created by state law are generally limited to freedom from restraint which
19 "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
20 prison life." *Id.* 515 U.S. at 484.

21   "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
22 panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.
23 With respect to prison disciplinary proceedings, the minimum procedural requirements that must
24 be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner
25 receives written notice and the time of the hearing, so that the prisoner may prepare his defense;
26 (3) a written statement by the fact finders of the evidence they rely on and reasons for taking
27 disciplinary action; (4) the right of the prisoner to call witnesses and present documentary
28 evidence in his defense, when permitting him to do so would not be unduly hazardous to

1  institutional safety or correctional goals; and (5) legal assistance to the prisoner where the
2  prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Confrontation and
3  cross examination are not generally required. *Id.* at 567. As long as the five minimum *Wolff*
4  requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th
5  Cir. 1994).

6  "When prison officials limit a prisoner's right to defend himself they must have a
7  legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per
8  curiam) (concluding that prisoners do not have a right to have an independent drug test performed
9  at their own expense). The right to call witnesses may legitimately be limited by "the penological
10 need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life
11 which may result from violence or intimidation directed at either other inmates or staff." *Ponte v.*
12 *Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996);
13 *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

14 "[T]he requirements of due process are satisfied if some evidence supports the decision by
15 the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926
16 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989);
17 *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824
18 F.2d 703, 705 (9th Cir. 1987); *see especially Burnsworth v. Gunderson*, 179 F.3d 771, 774-74
19 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence
20 of liberty interest.) The relevant inquiry is whether "there is *any* evidence in the record that could
21 support the conclusion reached . . . " as "[t]he Federal Constitution does not require evidence that
22 logically precludes any conclusion but the one reached by the disciplinary board."  *Hill* at 455-
23 57 (emphasis added).

24 Plaintiff alleges that Pallares failed to provide Plaintiff written notice of evidence to be
25 used, denied three documents that Plaintiff wanted to submit in his defense, denied a written
26 request to present evidence that the anonymous note against Plaintiff was false, denied Plaintiff's
27 documented evidence provided by the Facility Captain that showed the anonymous note was not
28 reliable, did not provide a reasoned decision, purposely excised all exculpatory and mitigating

statements from his findings without any explanation, failed to provide advance notice to Plaintiff that the confidential memorandum would be used against him for Plaintiff to formulate a response, intentionally suppressed two confidential memorandums (one from the Investigating Officer(s) and one from Plaintiff's cellmate) because of their exculpatory and exonerating statements which showed that Plaintiff had no knowledge or control of the hidden weapon and that another inmate who was attempting to set up Plaintiff's cellmate was the suspected author of the anonymous note that was used against Plaintiff. (Doc. 33, at pp. 13-15.) Pallares found Plaintiff guilty and caused Plaintiff to lose: 360 days of good time credits[1]; medium custody status; seniority work date; placement points; and 280 days of atypical hardship confinement in Ad Seg which caused Plaintiff to be diagnosed with an anxiety disorder and sever pain from the medication used to control his condition. (*Id.*, at p. 15.) While in disciplinary Ad Seg, Plaintiff was deprived of phone calls and contact visits with family and friends, daily showers, access to the dayroom, choice of cell mate, spent twice as many hours confined to his cell as when he was in the general population, and was never allowed to leave his cell without being handcuffed, whereas, under normal conditions, as a GP inmate, he was never cuffed. (*Id.*, at p. 13.) This states a cognizable due process claim against Pallares.

### b.     Inmate Appeals -- 602s

In Claim 1, Plaintiff attempts to state a claim against Defendant Heberling for willfully failing to process Plaintiff's grievances ("602s") appeals. (Doc. 33, at pp. 3-4.)

As stated in the prior screening order, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a

---

[1] Plaintiff is allowed to proceed on this claim at this time based on his past representation that he is serving a term of life without the possibility of parole. (*See* Docs. 7, 8, 9.)

protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

In Claim 1, Plaintiff alleges that Sgt. Heberling destroyed and or made the 602 that he filed regarding the sealing of outgoing mail disappear.  (Doc. 33, at pp. 3-4.)  Plaintiff alleges that this denied him of his right to redress a government grievance, caused him financial injury and interfered with his right to send correspondence.  (*Id.*)

In Claim 7, Plaintiff alleges that Sgt. Heberling's retaliation against him was unreasonable and violated his rights to due process.  (Doc. 33, at pp. 15-16.)  Plaintiff alleges that the situation with his outgoing mail not being sealed violated his due process right to correspond with family and friends and that he could not exhaust administrative remedies because of Heberling's intentional misconduct which caused him to sustain a loss in postage stamps and hindered his access to the courts.  (*Id.*)

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails and is unable to state a cognizable claim against Defendant Heberling for the processing and/or reviewing of his 602 inmate appeals.  Both Claim 1 and Claim 7 are not cognizable and should be dismissed.

### 3. Equal Protection

In Claim 5, Plaintiff alleges that Defendants Pallares and Akin infringed on his right to equal protection by treating Plaintiff and his cellmate differently.  (Doc. 33, at pp. 11-12.)

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff's only allegations under this claim are that Akin and Pallares violated his rights to equal protection since Plaintiff and his cell mate were received disparate treatment under the RVR of possession of a weapon. Plaintiff fails to show any discriminatory animus motivated by his membership in a protected class. The only animus apparent in Plaintiff's allegations is that of a retaliatory motive which supports the claims found cognizable above. Thus, Plaintiff's Claim 5

for violation of his rights to equal protection against Defendants Palares and Akin should be dismissed.

### III. <u>CONCLUSION</u>

Plaintiff's Second Amended Complaint states the following cognizable claims: retaliation in violation of the First Amendment against Defendants Sgt. Heberling (Claim 2), Lt. Akin (Claim 3), and Lt. Pallares (Claim 4); and violation of his rights to due process against Defendants Lt. Pallares (Claim 6). However, Claim 1 against Defendant Sgt. Heberling for the processing of his inmate grievances, Claim 5 against Defendants Lt. Pallares and Lt. Akin for violation of his rights to equal protection, and Claim 7 against Defendant Sgt. Heberling for violation of his rights to due process based on the processing of his inmate grievances are not cognizable and should be dismissed.

Accordingly, it is HEREBY RECOMMENDED:

1. that Plaintiff be allowed to proceed on the following claims in the Second Amended Complaint:

   a. Claim 2 against Defendants Sgt. Heberling for retaliation in violation of the First Amendment;

   b. Claim 3 against Defendant Lt. Akin for retaliation in violation of the First Amendment;

   c. Claim 4 against Defendant Lt. Pallares for retaliation in violation of the First Amendment; and

   d. Claim 6 against Defendant Lt. Pallares for violation of Plaintiff's rights to due process; and

2. that the following claims be dismissed with prejudice:

   a. Claim 1 against Defendant Sgt. Heberling for the processing of his inmate grievances,

   b. Claim 5 against Defendants Lt. Pallares and Lt. Akin for violation of his rights to equal protection, and

   c. Claim 7 against Defendant Sgt. Heberling for violation of his rights to

due process based on the processing of his inmate grievances.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 26, 2015**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE