# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A VON VILLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PALLARES, et al.,<br><br>    Defendants. | Case No.  1:13-cv-01869-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION**<br><br>**(Doc. 34)** |

Plaintiff, Robert A. Von Villas, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 which he filed on November 18, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2015, the Magistrate Judge filed a Findings and Recommendation which was served on Plaintiff and contained notice that objections to the Findings and Recommendations were to be filed within thirty days.  Plaintiff filed his objections on September 24, 2015.  Local Rule 304(b), (d).  While Plaintiff is not opposed to dismissal of Claims 1 and 7 in the Second Amended Complaint, as recommended in the Findings and Recommendations, Plaintiff argues that Claim 5 should not be dismissed and asserts that his allegations state a cognizable claim for violation of his rights to equal protection since he and his cellmate received different treatment.  However, as discussed in the Findings and Recommendations, Plaintiff fails to show both that he is a member of an identifiable class, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), and discriminatory intent by any of the Defendants, *Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003);

*Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, that issued on August 26, 2015, is adopted in full; and

2. Plaintiff may proceed on the following cognizable claims as stated in the Second Amended Complaint:

    a. Claim 2 against Defendants Sgt. Heberling for retaliation in violation of the First Amendment;
    b. Claim 3 against Defendant Lt. Akin for retaliation in violation of the First Amendment;
    c. Claim 4 against Defendant Lt. Pallares for retaliation in violation of the First Amendment; and
    d. Claim 6 against Defendant Lt. Pallares for violation of Plaintiff's rights to due process;

3. The following claims are not cognizable and are dismissed with prejudice:

    a. Claim 1 against Defendant Sgt. Heberling for the processing of his inmate grievances,
    b. Claim 5 against Defendants Lt. Pallares and Lt. Akin for violation of his rights to equal protection, and
    c. Claim 7 against Defendant Sgt. Heberling for violation of his rights to due process based on the processing of his inmate grievance; and

4. The action is referred to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated:   **October 7, 2015**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE